U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 3 1 2015

TONY R. MOORE, CLERK
BY _____ UT _____
         DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RANDY PAUL DAVIS (#581779)** | **DOCKET NO. 15-cv-511; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se petitioner Randy Paul Davis filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a detainee in Natchitoches Parish, Louisiana. He challenges his continued detention, and he seeks dismissal of charges pending against him in Natchitoches Parish, removal of the state detainer, and compensation for illegal arrest and detention and unlawful prosecution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

In January 2009, Petitioner was charged with possession of stolen firearms, possession of a controlled dangerous substance schedule II, and possession of a firearm in the presence of a controlled dangerous substance, possession of drug paraphernalia, and possession of a firearm with an obliterated number or mark. [Doc. #1-2, p.4, 40-41] On April 4, 2011, the day of trial, Petitioner entered a plea of guilty to possession of schedule II narcotics pursuant to State v. Crosby, 338 So.2d 584 (La. 1976),

and he was sentenced to a suspended term of three years of imprisonment and two years of supervised probation. Petitioner's probation was revoked on January 10, 2013, and his suspended three year sentence was imposed. [Doc. #1, p.13] Petitioner attempted to challenge his 2011 conviction in this Court in 2013, but the petition was denied as time-barred. [1:13-cv-546 <u>Davis v. Natchitoches Parish Detention Center</u>]

On October 25, 2013, Petitioner was released from jail on supervision via diminution of sentence, with an probation end date of August 13, 2015. [Doc. #1, p.26] However, on January 2, 2015, Petitioner was arrested by the Natchitoches Parish Sheriff's Office on a felony stalking charge. [Doc. #1, p.26] Since Petitioner was still on probation, a hold was placed on him for a possible probation/parole violation. Petitioner complains that stalking is a misdemeanor, so he should not have received a felony hold from probation and parole and should not have been denied bond.

### Law and Analysis

First, damages are not recoverable by way of a petition for writ of habeas corpus. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 91, (2005), <u>citing</u> <u>Muhammad v. Close</u>, 540 U.S. 749 (2004). Thus, Petitioner fails to state a claim for monetary relief.

Next, a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by

petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). However, under §2241 "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973). The Supreme Court's discussion in Braden shows that this distinction typically turns on the type of relief sought by a petitioner: ***"an attempt to dismiss an indictment or otherwise prevent a prosecution" is normally not attainable through a federal habeas corpus action***, while "an attempt to force the state to go to trial" is, although a requirement of exhaustion of state remedies must be met. See Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)(emphasis added). Thus, absent "special circumstances" pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial. Dickerson, 816 F.2d at 224. In the present case, it is clear that Petitioner's conviction is not yet final. The Court can find nothing in Petitioner's applications for writ of habeas corpus that indicates "special circumstances" exist which would allow the Court to consider the merits of his claims before he has been tried.

Moreover, Petitioner is required to show he is "in custody" and has exhausted his available state remedies in order to be eligible for habeas relief. Braden, 410 U.S. at 488-89; Dickerson,

3

816 F.2d at 224. In the present case, Petitioner represents he is in custody in the Natchitoches Parish Jail. However, Petitioner has not shown that he exhausted his state court remedies. See Braden, 410 U.S. at 490. Although §2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interference with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under §2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Id. (citing Braden, 410 U.S. at 490-91).

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented ***to the state's highest court in a procedurally proper manner***. See Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Based on the information in the record, the state courts have not had the opportunity to consider or resolve the issues Petitioner raises. In

4

fact, Petitioner has submitted an order form the 10th JDC setting a hearing on April 20, 2015, on Petitioner's Motion for Reconsideration of Denial of Motion for Release from Custody. [Doc. #1, p.20]  The exhaustion requirement is obviated only if "special circumstances" exist, see Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489), which is not the case in the present action.  Therefore, absent a showing the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Petitioner's claims, comity requires this Court to defer.

In sum, Petitioner's applications for federal habeas corpus relief must be dismissed because his claims are insufficient to justify federal habeas relief and because he has failed to exhaust state remedies.  Pre-trial habeas relief is not available to consider his claims under the circumstances of this case, as federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." Dickerson, 816 F.2d at 229. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. See Braden at 493.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus be dismissed without prejudice to Petitioner's right to seek federal habeas corpus relief after the

5

state proceedings are concluded and after he has properly exhausted.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of March, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE